UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

    -against-

RAHMEL GARRAWAY,

              Defendant.

No. 19-CR-857-04 (NSR)

ORDER

---

NELSON S. ROMÁN, United States District Judge:

Defendant Rahmel Garraway's ("Defendant") application for temporary release is GRANTED on consent. *See* ECF Nos. 62, 67. In particular, the Court determines that, in light of the dire circumstances presented by COVID-19, Defendant's "temporary release" to the "custody of" an "appropriate person" is "necessary" for a "compelling reason." *See* 18 U.S.C. § 3142(i). The Court imposes the bail conditions set by Pretrial Services, which include:

- The defendant shall be placed under 24-hour home incarceration at the home of Autumn Brown at 2 Lakeview Drive, Apartment D3, Peekskill, New York 10566, to be enforced by location monitoring technology determined by Pretrial Services;

- The defendant is permitted to self-install the home monitoring equipment under the direction and instruction of Pretrial Services;

- Unless otherwise approved by the Court, the location monitoring equipment shall be installed no later than 14 days after release during which the defendant is ordered to self-quarantine;

- Within two weeks of his release, the defendant must purchase or secure an iPhone with FaceTime capabilities for remote/virtual monitoring by Pretrial Services;

- When home visits are scheduled by Pretrial Services, to the best of his ability, the defendant shall comply with Pretrial Services' requests to remove all cohabitants of the residents prior to the visit;

- The defendant must report and disclose to Pretrial Services when any cohabitant of the residence, including self, may be symptomatic of any illness;


USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 4/20/2020

- Travel limited to legal or medical appointments in the Southern and Eastern Districts of New York with Pre-Trial Services' approval;

- $100,000 personal recognizance bond, signed by the defendant and three financially responsible persons;

- Surrender of all travel documents or passports and no new applications;

- Pretrial supervision as directed by Pretrial Services;

- The defendant shall not commit a federal, state, or local crime during temporary release;

- Any other conditions deemed necessary by Pretrial Services; and

- The defendant can be released on his own signature, with all other conditions to be satisfied within one week of his release.

Failure to comply with the above conditions shall result in the revocation of this Order. The parties are directed to immediately contact the White Plains Criminal Duty Magistrate Judge for the purpose of preparing the $100,000 personal recognizance bond. The Government shall immediately make arrangements for Defendant to sign the bond (ideally in a manner that does not require his production to the courthouse) and be released. Defense counsel shall promptly make arrangements, with the Government's cooperation, to transport the Defendant to Autumn Brown's home.

This Order shall be effective for a period not to exceed 30 days, at which time the need for continued release under the "compelling reason" that release was ordered shall be revisited by the Court. **Defendant shall surrender to the Westchester County Jail by 11:00 a.m. on May 20, 2020, unless the Court finds prior to that date — pursuant to a letter motion filed by Defendant — that "compelling" reasons still exist to extend the Defendant's release.** Should Defendant seek an extension of the release period for good cause, said application must be made seven days prior to the expiration of the 30-day period and must be supported with a medical affirmation.

The De Novo Bail Review Hearing scheduled for April 21, 2020 is adjourned *sine die*.

The Clerk of Court is directed to terminate ECF Nos. 62 and 67.

Dated:   April 20, 2020
        White Plains, New York

SO ORDERED:

_____
NELSON S. ROMÁN
United States District Judge