UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x

        USA,

        - against -

RAHMEL GARRAWAY,

                Defendant(s).
----------------------------------------------------------x

**SCHEDULING ORDER**

19 Cr. 857-04 (NSR)

ROMÁN, D.J.:

        In light of the recent Coronavirus Disease 2019 ("COVID-19") pandemic affecting New York, and given the directives provided by the Chief Judge of the United States District Court for the Southern District of New York to limit in-person court appearances due to the risk presented by COVID-19, and

        Pursuant to a letter motion, dated July 6, 2020, from defense counsel Richard B. Lind, Esq. and Joshua J. Horowitz, Esq. addressed to the Court seeking a further thirty-day extension of Defendant's temporary release, it is hereby

        ORDERED that the above case is scheduled for **Motion Hearing teleconference on July 15, 2020 at 12:15 pm.**

        **The Government shall file its response, if any, by 3:00 pm on July 14, 2020.**

        To access the teleconference, please follow these directions: (1) **Dial the Meeting Number: (877) 336-1839**; (2) **Enter the Access Code: 1231334 #**; (3) **Press pound (#) to enter the teleconference as a guest**.

        Prior to the teleconference, Defendant's counsel shall either obtain from Defendant a written or oral waiver of appearance and consent for counsel to proceed telephonically either with or without Defendant present by telephone. If counsel cannot obtain a written waiver from Defendant, counsel must provide an affidavit confirming counsel has obtained Defendant's consent. The affidavit must establish

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 7/13/2020

that counsel (1) consulted with Defendant regarding his or her right to be present at all conferences, (2) discussed with Defendant the current public health emergency created by the COVID-19 pandemic and the restrictions to courthouse access that have been implemented as a result, and (3) obtained Defendant's consent to willingly and voluntarily give up his or her right to be present at conferences for the period of time in which access to the courthouse has been restricted on account of the COVID-19 pandemic.[1]   The affidavit shall be e-filed with the Court no later than one (1) day before the scheduled teleconference.

The Government is directed to communicate with the Warden or other managerial supervisor at the correctional facility wherein the named defendant is being housed, within 24 hours prior to the scheduled hearing, and prepare an updated report concerning the remedial measures being undertaken at the facility to prevent the spread of the COVID-19 disease and extent of the disease at the facility.  This report shall include the following information: (1) the preventative procedures that have been adopted by the facility to contain the spread of the COVID-19 disease, (2) the number of detainees and/or inmates who have been diagnosed with the disease, to date, (2) the number of staff members who have been diagnosed with the disease, to date, (3) an estimate of any suspected, but undiagnosed, cases of the disease amongst either detainees/inmates or staff members, as well as the basis for that estimation, (4) the quarantine procedures that have been, or will be, implemented to contain patients with either confirmed or unconfirmed diagnoses, (5) the sanitation procedures that that have been, or will be, implemented to clean areas/surfaces used by patients with either confirmed or unconfirmed diagnoses, and (6) any further details that will assist the Court in making its bail determination.

In preparation for and while engaging in a teleconference, please follow these guidelines:

1. Use a landline whenever possible.

---

1   Please see attached sample form as a reference.

2. Use handset rather than speakerphone.

3. Identify yourself each time you speak.

4. Be mindful that, unlike in a courtroom setting, interrupting can render both speakers unintelligible.

5. **Mute** when not speaking to eliminate background noise, i.e., dog barking, kids playing, sirens, papers shuffling, emails pinging, drinking, breathing. It all comes through. This will also prevent interruptions.

6. Avoid voice-activated systems that don't allow the speaker to know when someone else is trying to speak and they cut off the beginning of words.

7. Spell proper names.

8. Have judge confirm reporter is on the line.

9. If someone hears beeps or musical chimes, that means someone has either come in or left the conference. Please be aware that the judge may need to clarify that the reporter has not lost the line. (This has happened before, and the reporter had to dial back in and tell the judge the last thing that the court reporter transcribed.)

Dated:   White Plains, New York
         July 13, 2020

SO ORDERED.

_____
Hon. Nelson S. Román, U.S.D.J.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
UNITED STATES OF AMERICA

                -v-

                   ,
             Defendant.
----------------------------------------------------------------X

**WAIVER OF RIGHT TO BE PRESENT AT CRIMINAL PROCEEDING**

-CR-         (   ) (   )

**Check Proceeding that Applies**

____   Arraignment

I have been given a copy of the indictment containing the charges against me and have reviewed it with my attorney.   I understand that I have a right to appear before a judge in a courtroom in the Southern District of New York to confirm that I have received and reviewed the indictment; to have the indictment read aloud to me if I wish; and to enter a plea of either guilty or not guilty before the judge.   After consultation with my attorney, I wish to plead not guilty.   By signing this document, I wish to advise the court of the following.   I willingly give up my right to appear in a courtroom in the Southern District of New York to advise the court that**:**

1) I have received and reviewed a copy of the indictment.
2) I do not need the judge to read the indictment aloud to me.
3) I plead not guilty to the charges against me in the indictment.

Date:    _____
           Signature of Defendant


_____
Print Name


____   Conference    Date:_____

I have been charged in an indictment with violations of federal law.   I understand that I have a right to be present at all conferences concerning this indictment that are held by a judge in the Southern District of New York, unless the conference involves only a question of law.   I understand that at these conferences the judge may, among other things, 1) set a schedule for the case including the date at which the trial will be held, and 2) determine whether, under the Speedy Trial Act, certain periods of time should be properly excluded in setting the time by which the trial must occur.   I have discussed these issues with my attorney and wish to give up my right to be present at the conferences.   By signing this document, I wish to advise the court that I willingly give up my right to be present at the conferences in my case for the period of time in which access to the courthouse has been restricted on account of the COVID-19 pandemic.   I request that my attorney be permitted to represent my interests at the proceedings even though I will not be present.

Date:   _____
            Signature of Defendant


_____
Print Name


I hereby affirm that I am aware of my obligation to discuss with my client the charges contained in the indictment, my client's rights to attend and participate in the criminal proceedings encompassed by this waiver, and this waiver form.  I affirm that my client knowingly and voluntarily consents to the proceedings being held in my client's absence.  I will inform my client of what transpires at the proceedings and provide my client with a copy of the transcript of the proceedings, if requested.

Date:   _____
            Signature of Defense Counsel


_____
Print Name


**Addendum for a defendant who requires services of an interpreter:**

I used the services of an interpreter to discuss these issues with the defendant.  The interpreter also translated this document, in its entirety, to the defendant before the defendant signed it.  The interpreter's name is: _____.


Date:   _____
            Signature of Defense Counsel


**Accepted:**   _____
            Signature of Judge
            Date: