USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:   1/7/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,
    -against-

RAHMEL GARRAWAY,
               Defendant.

No. 19-CR-857-04 (NSR)
ORDER

NELSON S. ROMÁN, United States District Judge:

This order resolves a letter motion by Defendant Rahmel Garraway, who is awaiting sentencing, asking the Court to reconsider its December 16, 2020 order directing Mr. Garraway, who has been on temporary release from custody in light of his heightened vulnerability to COVID-19 from asthma, to surrender on January 4, 2021 in light of his December 9, 2020 guilty plea to narcotics conspiracy. (ECF No. 166.) The Government has opposed the motion. (ECF No. 168.) For the reasons that follow, the Court GRANTS Mr. Garraway's request for reconsideration and, upon reconsideration, GRANTS Mr. Garraway's request for release under 18 U.S.C. § 3145(c) until Mr. Garraway is sentenced.

## BACKGROUND

Mr. Garraway is a "lifelong asthmatic" (ECF Nos. 62, 166) and the fact that he suffers from asthma is documented in the Bureau of Prisons records (ECF No. 72 n.1.)[1]

Mr. Garraway was arrested on October 3, 2019 and denied bail. (ECF No. 14.) On April 13, 2020 Mr. Garraway applied for bail, or in the alternative, temporary release, in light of his elevated COVID-19 risk due to asthma (ECF No. 62) with the Government's consent (ECF No.

---

[1] The Government acknowledges that Mr. Garraway suffers from asthma but contends that his case is not severe enough to be recognized by the CDC as a comorbidity. (ECF No. 168). However, as explained below, the Court does not find this fact dispositive given that the medical understanding of the virus, as well as the virus itself is constantly evolving and a new, more contagious strain of the virus is already spreading in New York.

67). The Court granted this request on April 20, 2020 based on its determination that "in light of the dire circumstances presented by COVID-19, Defendant's 'temporary release' to the 'custody of' an 'appropriate person' is 'necessary' for a 'compelling reason,'" and set strict bail conditions including 24-hour home incarceration enforced by location monitoring technology and a $100,000 personal recognizance bond signed by Defendant and three financially responsible persons. (ECF No. 68.)

Defendant applied for 30-day extensions of temporary release on May 13, 2020 (ECF No 72), June 8, 2020 (ECF No. 88), July 6, 2020 (ECF No 95), August 10, 2020 (ECF No. 117), September 14, 2020 (ECF No. 127), October 7, 2020 (ECF No. 143), November 9, 2020 (ECF No. 147). The Government has opposed many of the extension requests based on the "dramatically improved" COVID-19 situation at the Westchester County Jail and "an evolved understanding" of the relationship between Defendant's asthma, which he claims puts him at elevated risk, but which the Government contends is "mild" and as such "is not a leading comorbidity factor in any age group." (ECF Nos. 75, 145, 151, Minute Entries dated 6/17/2020 and 7/15/2020.) The Court granted Mr. Garraway's requests for extensions of his temporary release through December 21, 2020. (ECF Nos. 82, 120, 130, 146, 152; and Minute Entries dated June 17, 2020 and July 15, 2020.) Mr. Garraway has, at all times, complied with the conditions set by the Court for his temporary release.

On December 9, 2020, Mr. Garraway waived indictment (ECF No. 161) and was arraigned on a superseding felony information charging him with one count of narcotics conspiracy in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(C) (ECF No. 160), to which he pleaded guilty (Minute Entry dated December 9, 2020). On December 15, 2020, the Government opposed Defendant's December 7, 2020 request for an additional extension of temporary release (ECF No.

156) because Mr. Garraway's guilty plea for conspiring to distribute crack cocaine subjects him to mandatory remand (ECF No. 163). On December 16, 2020 the Court issued a memorandum endorsement directing Defendant to surrender on January 4, 2021. (ECF No. 164). On December 23, 2020 Defendant filed the instant letter motion for reconsideration of the Court's December 16, 2020 order. (ECF No. 166.) The Government filed its opposition on December 30, 2020. (ECF No. 168.)

## DISCUSSION

Defendant seeks temporary release, pursuant to 18 U.S.C. § 3145(c), on the same bond on which he was released prior to entering his guilty plea. (ECF No. 166.) The Government opposes, arguing that (1) there are no known cases of COVID-19 among inmates at Westchester County Jail and that speculation about possible future conditions at the facility is insufficient for relief under Section 3145(c), and (2) Defendant suffers from mild, intermittent asthma, which is not recognized as a co-morbidity factor by the CDC. (ECF No. 168.)

In general, defendants, such as Mr. Garraway, who have been convicted of a narcotics offense for which a maximum sentence of 10 or more years imprisonment is prescribed, must be detained pending sentence, unless the Court finds (1) that there is either a substantial likelihood that a motion for acquittal or new trial will be granted or an attorney for the government has recommended that no imprisonment be imposed, *and* (2) that, by clear and convincing evidence, the defendant is not likely to flee or pose a danger to any other person or the community. 18 U.S.C. § 3143(a)(2). Mr. Garraway has not invoked this exception.

Mr. Garraway instead seeks release under 18 U.S.C. § 3145(c), which creates a narrow exception to the general rule of mandatory pre-sentencing detention. It provides, in relevant part, that: "A person subject to detention pursuant to section 3143(a)(2) . . . , and who meets the

conditions of release set forth in section 3143(a)(1) . . . , may be ordered released, under appropriate

conditions, . . . if it is clearly shown that there are exceptional reasons why such person's detention

would not be appropriate." 18 U.S.C. § 3145(c). The conditions of release set forth in § 3143(a)(1)

require a finding by the court "by clear and convincing evidence that the person is not likely to

flee or pose a danger to the safety of any other person or the community." 18 U.S.C. § 3143(a)(1).

"[E]xceptional reasons" permitting the release of a defendant subject to mandatory detention are

those that "present a unique combination of circumstances giving rise to situations that are out of

the ordinary." *United States v. DiSomma*, 951 F.2d 494, 497 (2d Cir. 1991). The Second Circuit

has explained that, in determining whether exceptional reasons exist, "a case by case evaluation is

essential," and a district court's discretion "is constrained only by the language of the statute:

'exceptional reasons.'" *Id*.; *see United States v. McKenzie*, 450 F. Supp. 3d 449, 452 (S.D.N.Y.

2020).

The Court previously found these conditions met in Mr. Garraway's case, when, with

consent from the Government, the Court initially granted Mr. Garraway temporary release on April

20, 2020 (ECF No. 68.) The Court has renewed these findings each time it granted extensions of

Mr. Garraway's temporary release. (ECF Nos. 82, 120, 130, 146, and 152; Minute Entries dated

June 17, 2020 and July 15, 2020.) The Court again finds by clear and convincing evidence that—

provided the previously ordered strict bail conditions are maintained—Mr. Garraway is not likely

to flee or be a danger to the community.

The Court further finds that exceptional reasons again justify Mr. Garraway's release on

these conditions. First, the COVID-19 pandemic is extraordinary and unprecedented in modern

times and presents a clear and present danger throughout the United States and the world. The

situation in New York remains precarious as case numbers continue to rise. Joseph Choi, *New York*

*reports record number of daily COVID-19 positives*, MSN.com (Dec. 30, 2020), https://www.msn.com/en-us/news/us/new-york-reports-record-number-of-daily-covid-19-positives/ar-BB1cmhoj?ocid=uxbndlbing. Additionally, on January 4, 2021, New York State health officials confirmed that a new strain of COVID-19 has appeared in New York and is known to spread 70% faster than earlier versions of the virus. Ben Chapman and Katie Honan, *Highly Contagious Covid-19 Strain Threatens New York Hospitals, Gov. Cuomo Says*, The Wall Street Journal (Jan. 6, 2021), https://www.wsj.com/articles/highly-contagious-covid-19-strain-threatens-new-york-hospitals-gov-cuomo-says-11609965378; Shannon Young, *Cuomo confirms first case of Covid-19 variant in New York*, Politico (Jan. 4, 2021), https://www.politico.com/states/new-jersey/story/2021/01/04/cuomo-confirms-first-case-of-covid-19-variant-in-new-york-1352336.

The Court is keenly aware that the crowded nature of federal prisons in particular presents an outsized risk that the COVID-19 contagion, once it gains entry, will spread. *See* Timothy Williams, et al., 'Jails Are Petri Dishes': Inmates Freed as the Virus Spreads Behind Bars, N.Y. Times (May 20, 2020), https://www.nytimes.com/2020/03/30/us/coronavirus-prisons-jails.html). Outbreaks inside detention facilities such as MDC Brooklyn have rampantly spread and can quickly spiral out of control. *E.g.* N.Y. Times Editorial Board, Stop The Coronavirus Outbreak at Brooklyn Federal Jail, N.Y. Times (Dec. 8, 2020), https://www.nytimes.com 2020/12/08/opinion/coronavirus-brooklyn-federal-jail.html; *see also* Dan Herbeck, *Virus outbreak hits Erie County's youth detention center*, The Buffalo News (Dec. 23, 2020), https://buffalonews.com/news/local/virus-outbreak-hits-erie-countys-youth-detention-center/article_23fe5934-455f-11eb-8202-a3ec231f6c50.html.

Second, the Court finds that Mr. Garraway's asthma provides an exceptional reason because of which pre-sentencing detention is inappropriate. The CDC has recognized that

individuals with "asthma may be at a higher risk for severe illness from COVID-19." *United States v. Barajas*, No. 18-CR-736-04 (NSR), 2020 WL 3976991, at *9 (S.D.N.Y. July 13, 2020) (citing CDC, *People Who Need Extra Precautions: Groups at Higher Risk for Severe Illness*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/groups-at-higher-risk.html). Even if Mr. Garraway's asthma is not "severe," the Court is aware that "that viral infections, like COVID-19, can cause asthma symptoms to flare up[.]" *United States v. Newkirk*, No. 18 CR 699 (CM), 2020 WL 7260739, at *2 (S.D.N.Y. Dec. 10, 2020)(internal alterations and quotation marks omitted). The Court also notes that the medical understanding of comorbidities for the virus, as well as the virus itself, are constantly evolving and it remains to be seen how asthma interacts with the new strain of the virus, which is significantly more contagious than previous versions. The Court therefore determines that, in light of the significant uncertainty over the trajectory of the pandemic, and the potential additional risk both of contracting and suffering significant consequences from the virus for individuals like Mr. Garraway who suffer from asthma, pre-sentencing detention would be inappropriate.

## CONCLUSION

The Court accordingly grants Mr. Garraway's application for reconsideration and, pursuant to 18 U.S.C. § 3145(c), grants Mr. Garraway release until his sentencing scheduled for March 17, 2021 at 1:00 P.M., on the same bond and conditions upon which he was released prior to entering his guilty plea. This release is to occur only upon the instatement of all of these conditions, including securing written confirmation by the co-signers of the bond of their willingness to again so serve. Mr. Garraway's release is to last only until Mr. Garraway's sentencing, the conclusion of the current public health emergency, or until otherwise ordered. The Court further notifies Mr.

Garraway that it expects that Mr. Garraway continue to scrupulously comply with all conditions of release, and that a violation of any condition will subject Mr. Garraway to immediate remand.

The Clerk of Court is directed to vacate the Court's December 16, 2020 surrender order (ECF No. 164) and to terminate the motion at ECF No. 166.

Dated:   January 7, 2021                                    SO ORDERED:
        White Plains, New York

_____
        NELSON S. ROMÁN
       United States District Judge